Filed 10/2/24  In re M.P. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re M.P., a Person Coming Under the Juvenile Court Law. | B331335 |
| | (Los Angeles County Super. Ct. No.TJ23571 ) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| M.P. | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sharonda P. Bradford, Judge Pro Tempore. Affirmed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

---

## INTRODUCTION

Appellant M.P. was deemed a ward of the juvenile court under Welfare and Institutions Code section 602[1] after admitting to driving a stolen car and other crimes; he was placed on probation in November 2020. He had one probation violation in September 2021, and he admitted to felony charges in petitions filed in April, September, and November 2022. After serving a probation term in a community camp, M.P. requested that all of his petitions be dismissed and his records sealed, asserting that under section 786, he had "satisfactorily completed" probation. The juvenile court denied his request based on M.P.'s multiple probation violations. M.P. appealed. We affirm, finding that the juvenile court did not abuse its discretion in declining to dismiss the petitions and seal M.P.'s records.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Petitions

#### 1. *January 2020 petition*

On January 7, 2020, the People filed a petition under section 602 alleging that on January 4, 2020 M.P. violated Vehicle Code section 10851, subdivision (a), taking or driving a vehicle without consent (a felony, count 1); Vehicle Code section 2800.2, driving recklessly while fleeing a police officer (a felony, count 2); and Vehicle Code section 20002, subdivision (a), hit-and-

---

[1]     All undesignated section references are to the Welfare and Institutions Code.

2

run causing property damage (a misdemeanor, count 3). The detention report stated that M.P. stole a family member's car, and when officers attempted to stop the car for having no rear lights, M.P. attempted to evade officers and injured another driver in a collision when he failed to stop at a traffic light. M.P. was deemed eligible for deferred entry of judgment, and was released to his mother pending adjudication. The detention report noted that a few months earlier, M.P. had been expelled from school for stealing a car belonging to school personnel; the case was not prosecuted at the time. The January 2020 petition was adjudicated with the April 2020 petition, discussed below.

2. *April 2020 petition*

On April 9, 2020, the People filed a petition under section 602 relating to the alleged car theft at school. The petition alleged that in October 2019, M.P. violated Vehicle Code section 10851, subdivision (a), taking or driving a vehicle without consent (a felony, count 1); and Vehicle Code section 12500, subdivision (a), driving without a valid driver's license (a misdemeanor, count 2). The alleged incident occurred after M.P. allegedly stole a teacher's car key at school, and drove the car out of the parking lot. M.P. was deemed eligible for deferred entry of judgment, and was released to his mother pending adjudication.

On September 2, 2020, M.P. admitted count 1 of the April 2020 petition. The court therefore sustained the petition as to count 1; count 2 was dismissed. M.P. remained released to his mother, and disposition was continued.

A November 3, 2020 hearing addressed the disposition for the April 2020 petition and adjudication of the January 2020 petition. Pursuant to a plea agreement, counts 1 and 2 in the January 2020 petition were reduced to misdemeanors. M.P.

admitted all three counts in the January 2020 petition, and the court sustained the petition. As to both petitions, M.P. was declared a ward of the court, placed on informal probation, and released to his mother. The conditions of his probation included not committing any crimes, and not driving a motor vehicle unless he was licensed, insured, and had permission from the owner.

3. *September 2021 notice of probation violation*

On September 24, 2021, the People filed a notice of probation violation and request for hearing, alleging that M.P. drove a car without a license. The People alleged that on September 1, 2021, deputies from the Los Angeles Sheriff's Department conducted a traffic stop of a car that had been stolen in a carjacking on August 25, 2021. M.P. was driving the car without a license and without permission from the car's owner; he was arrested. The People alleged M.P.'s actions violated the condition of his probation barring him from driving without a license, insurance, and permission from the vehicle's owner.

M.P. admitted the allegation, and the juvenile court found the allegation to be true. The court ordered that M.P. remain home on probation.

4. *January 2022 petition*

On January 19, 2022, the People filed a petition under section 602 in San Bernardino County alleging that on January 15, 2022, M.P. violated Penal Code section 496d, subdivision (a), receiving a stolen vehicle (a felony, count 1); Vehicle Code section 2800.2, driving recklessly while fleeing a police officer (a felony, count 2); Penal Code section 25850, carrying a loaded firearm in public (a felony, count 3); and Penal Code section 148, subdivision (a)(1), resisting or obstructing a police officer (a misdemeanor,

4

count 4).  A probation department report stated that San Bernardino County Sheriff's Department deputies observed M.P. and another person in a vehicle that had been reported stolen; M.P. was driving.  When the deputies activated their lights and sirens, M.P. led police on a chase that included running red lights, nearly hitting other cars and pedestrians, driving into a mall parking lot, and running on foot through the mall and parking structure.  The deputies found a stolen firearm near M.P. in the parking structure.  The owner of the car reported that his car had been taken at gunpoint.

On February 2, 2022, M.P. admitted count 2 pursuant to a plea agreement; the remaining counts were dismissed.  The court found the petition true as to count 2, and transferred the case to Los Angeles County for disposition.  On February 17, 2022, the juvenile court in Los Angeles County committed M.P. to the community detention program pending disposition.  On March 25, 2022, the court ordered M.P. home on probation, and terminated the community detention program.

5. *April 2022 petition*

On April 19, 2022, the People filed a petition under section 602 in San Bernardino County alleging that on April 16, 2022, M.P. violated Penal Code section 496d, subdivision (a), receiving a stolen vehicle (a felony).  On April 22, 2022, M.P. admitted the allegation and the court found it to be true.  The case was transferred to Los Angeles County for disposition.  The juvenile court in Los Angeles County ordered M.P. home on probation.

6. *September 2022 petition*

On September 7, 2022, the People filed a petition under section 602 alleging that on September 4, 2022, M.P. violated

Penal Code section 25400, subdivision (a), carrying a concealed firearm in a vehicle.

7. *November 2022 petition*

On November 3, 2022, after M.P.'s 18th birthday, the People filed a petition under section 602 alleging that on August 22, 2022, when M.P. was 17 years old, he violated Penal Code section 215, subdivision (a), carjacking (a felony, count 1); and Penal Code section 211, second degree robbery (a felony, count 2). The petition also alleged a count 3, which was dismissed the following day. On January 18, 2023, the petition was amended to include felony attempted second degree robbery (Pen. Code, §§ 211, 664, count 4). M.P. admitted count 4 pursuant to a plea deal, the juvenile court sustained the petition on count 4, and counts 1 and 2 were dismissed. On the January 2020, April 2020, January 2022, April 2022, and November 2022 petitions, M.P. was placed in the camp community placement program for a term of seven to nine months, with 78 days of custody credit.

On January 25, 2023, the September 2022 petition (carrying a concealed firearm) was dismissed before wardship under section 782 and the record was sealed.

**B.     Motion to dismiss and seal**

M.P. was delivered to his camp placement on January 31, 2023. A probation officer's report noted that M.P. "engaged in a physical altercation" on February 15, 2023 that showed "poor judgment." On April 17, 2023, M.P. was involved in another physical altercation in which he kicked someone in the head and failed to comply with instructions to stop. On May 18, 2023 M.P. initiated a physical altercation. M.P. was earning credits toward his high school diploma. He completed his required 100 hours of community service on March 30, 2023.

On August 14, 2023, a probation officer filed a petition seeking M.P.'s early release under section 778. The petition asserted a change in circumstances, in that M.P.'s "behavior within the school environment was stellar and he has exhibited tremendous improvement with his peers." M.P. had earned his high school diploma, received an honor roll award, and displayed leadership abilities. M.P. had participated in multiple programs in camp, including therapy and a substance abuse program, and he had been working as kitchen personnel. M.P.'s mother was planning to move to another state, and M.P. had been accepted into a housing program that provided a structured setting and support; a place was being held for him. M.P.'s multidisciplinary team agreed it would be in M.P.'s best interest to request early termination of probation and a move to the available housing.

At a hearing on August 16, 2023, the juvenile court granted the request for early termination. The court then asked whether M.P. was "eligible for sealing, or should he apply at a later date?" The prosecutor asserted that M.P. "should apply at a later date given that he picked up five petitions while on probation."[2] The court asked whether it was prevented from sealing the records

---

[2] Section 781 provides that after a minor turns 18, the minor may petition the court to seal juvenile court records, and the court shall seal the records "[i]f, after hearing, the court finds that since the termination of jurisdiction . . . the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court." (§ 781, subd. (a)(1).)

7

under section 707, subdivision (b).[3]  M.P.'s counsel asked for additional time to review the file.

After counsel had reviewed the file, the court noted that the People objected to the sealing based on M.P.'s "performance on probation."  M.P.'s counsel said he "ultimately did perform well," and none of his sustained petitions involved a section 707, subdivision (b) offense.  The People argued that M.P. "did not perform well on probation," because he had been caught driving four or five stolen cars and carrying guns, and the last offense would have been a section 707, subdivision (b) offense "but the People reduced it so [M.P.] wouldn't have a strike going into adulthood."

The court acknowledged "the nature of the offenses," and the "escalating behavior" M.P. had demonstrated.  It noted that the last offense began with a carjacking.  The court also observed that M.P. had behaved well in camp, but stated, "I think it's a little early to seal.  [¶] It would be very difficult to indicate this is satisfactory completion."  The court continued, "However, what I would encourage him to do is to apply for sealing and if within the next year he does not pick up an adult case, this court would be very happy to seal all his petitions."

M.P.'s counsel said, "I wouldn't say he performed well while he was on probation.  He did seem to rehabilitate while in camp."  The court acknowledged this, but stated that while M.P. was on

---

[3]    Section 786, subdivision (d) states, "A court shall not seal a record or dismiss a petition pursuant to this section if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707 that was committed when the individual was 14 years of age or older unless the finding on that offense was dismissed or was reduced to a misdemeanor or to a lesser offense that is not listed in subdivision (b) of Section 707."

probation, "He got several violations.  It's hard to find someone with that many violations satisfactorily completing probation." The court reiterated, "What I'm considering is whether he satisfactorily completed probation. He is not satisfactorily completing probation when he has at least five violations."  In its written ruling, the juvenile court stated that M.P.'s motion to dismiss and seal the petitions was denied.

M.P. timely appealed.

## DISCUSSION

M.P. asserts that the juvenile court should have granted his request to dismiss his petitions and seal his records under section 786, because his success in camp demonstrated a successful completion of probation.[4]  The People assert that the juvenile court did not abuse its discretion in denying M.P.'s request because M.P. reoffended after every petition except the last one, when he was in custody.  "A decision to grant or deny section 786 relief is reviewed for abuse of discretion.  [Citation.] Under this standard, "'a trial court's ruling will not be disturbed, and reversal of the judgment [or order] is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'"" (*In re D.H.* (2020) 58 Cal.App.5th 44, 54.)

Section 786, subdivision (a)(1) states that if a ward of the juvenile court "satisfactorily completes" probation, the court shall order the petition dismissed and order the records sealed. "Satisfactory completion" of probation "shall be deemed to have occurred if the person has no new findings of wardship or

---

[4]    M.P. addresses all of his petitions as a group; he does not assert that dismissal and sealing were warranted for any particular petition.

9

conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation and if the person has not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform."  (§ 786, subd. (c)(1).)

M.P. was placed on probation in November 2020.  The conditions of his probation included not committing any crimes, and not driving a motor vehicle without being licensed, insured, and having permission of the owner.  M.P. admitted that he committed crimes, including driving stolen cars without a license, in September 2021, January 2022, April 2022, and August 2022.  The January, April, and November 2022 petitions were sustained, and each was a felony. Under the plain language of section 786, subdivision (a), M.P. did not achieve "satisfactory completion" of his probation. (See *In re D.H., supra,* 58 Cal.App.5th at p. 54; *In re K.B.* (2024) 99 Cal.App.5th 348, 356.)

M.P. asserts that the juvenile court erred by relying on his purported "escalating behavior" as described in petition allegations, rather than relying only on sustained findings.  M.P. asserts that such considerations do "not comply with the standards required by section 786."  However, although the juvenile court noted the carjacking allegation in the final petition, the court made clear that it was basing its decision on whether M.P. successfully completed probation, not the allegations in the petition: "What I'm considering is whether he satisfactorily completed probation. He is not satisfactorily completing probation when he has at least five violations. [¶] That's what I'm basing the ruling on is that he did not satisfactorily complete probation."

10

M.P. also argues that he "could have performed no better" in his camp placement, and "[t]his should have been the standard warranting relief under section 786." M.P. cites no authority for the proposition that the juvenile court was required to consider M.P.'s compliance with his probation conditions during only a limited period of time—while he was at camp from January to August 2023—rather than the entire period of his probation. The juvenile court was not obligated to ignore M.P.'s repeated probation violations because his later performance at camp was satisfactory.

M.P. therefore has not demonstrated that the juvenile court abused its discretion by declining to dismiss M.P.'s petitions and seal the records under section 786.

**DISPOSITION**

The juvenile court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, ACTING P. J.

We concur:

MORI, J.

ZUKIN, J.

11